IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR 12-914-TUC-RCC (CRP) |
| Plaintiff, | ) **REPORT & RECOMMENDATION** |
| vs. | ) |
| Keith Deshawn Anderson, | ) |
| Defendant. | ) |
| | ) |

Defendant Anderson has joined in co-defendant Conrad's Motion for Bill of Particulars (Doc. 79) and Motion to Dismiss Indictment (Doc. 83). (*See also* Docs. 93, 111, 120). The Government has responded to each motion. (*See* Docs. 102, 103). The Motions came on for hearing on July 1, 2013, with regard to Defendant Anderson. For the following reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny both Motions with regard to Defendant Anderson.

**FACTUAL BACKGROUND**

Defendant Anderson is charged by Superceding Indictment with: (1) 5 counts alleging that on various dates, at or near various specified locations, Defendant Anderson knowingly transported L.M., an individual under 18 years of age, in interstate commerce from Arizona to Nevada "with the intent that L.M. engage in any sexual activity for which any person can be charged with a criminal offense; that is, statutory sexual seduction under Nevada Revised Statute 200.364 and 200.368(1); all in violation of..." 18 U.S.C. §2423(a) (Counts 1,3, 5-7); and (2) 1 count alleging that on or about July 1, 2011 and continuing to July 31, 2011, at or near Sierra Vista, Arizona, Defendant Anderson and co-defendant Conrad "did knowingly

1    and intentionally combine, conspire, confederate, and agree together and with other persons

2    known and unknown to the grand jury to knowingly transport L.M., an individual who had

3    not attained the age of 18 years, in interstate commerce, from the State of Arizona to the

4    State of Nevada, with the intent that L.M. engage in any sexual activity for which any person

5    can be charged with a criminal offense; that is, statutory sexual seduction under Nevada

6    Revised Statute 200.364 and 200.368(1), in violation of..." 18 U.S.C. §2423(a), all in

7    violation of 18 U.S.C. §2423(e) (Count 2). (Doc. 36).

8    **MOTION FOR BILL OF PARTICULARS**

9          Defendant argues that the indictment fails to specify the means and methods used to

10   carry out the conspiracy, nor does it allege any overt acts. In the alternative, because of the

11   volume of disclosure (2209 pages & 8-10 CDs of recorded interviews and/or phone calls),

12   Defendant requests the Court order the Government to designate the evidence it will rely

13   upon at trial to prove the conspiracy charge.

14         Pursuant to Rule 7 of the Federal Rules of Criminal Procedure, "[t]he court may direct

15   the government to file a bill of particulars." Fed.R.Crim.P. 7(f). Although "[a] motion for

16   a bill of particulars is appropriate where a defendant requires clarification in order to prepare

17   a defense," *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983), it is not a discovery

18   device. *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979). A bill of particulars

19   serves "three purposes: to apprise the defendant of the specific charges being presented so

20   as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect

21   against double jeopardy." *United States v. Burt,* 765 F.2d 1364, 1367 (9th Cir. 1985). A

22   request for a bill of particulars is addressed to the trial court's discretion. *Long,* 706 F.2d at

23   1054. The "court should consider whether the defendant has been advised adequately of the

24   charges through the indictment and all other disclosures made by the government." *Id.*

25         Under 18 U.S.C. §2423(a):

26   A person who knowingly transports an individual who has not attained the age
     of 18 years in interstate or foreign commerce, or in any commonwealth,

27   territory or possession of the United States, with intent that the individual
     engage in prostitution, or in any sexual activity for which any person can be

28   charged with a criminal offense, shall be fined under this title and imprisoned

1    not less than 10 years or for life.

2    18 U.S.C. §2423(a).  Section 2423(e) provides that:

3        Whoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall
         be punishable in the same manner as a completed violation of that subsection.

4    18 U.S.C. §2423(e).

5        The Government points out that unlike the general conspiracy statute, 18 U.S.C. §

6    371, which explicitly requires an overt act, §2423(e) does not specifically require an overt

7    act.  The Supreme Court has been clear that the Government is not required to allege or prove

8    an overt act in furtherance of the conspiracy unless the statute explicitly requires it.  *See*

9    *United States v. Shabani,* 513 U.S. 10, 15-16 (1994) (applying in context of drug conspiracy

10   statute "the settled principle of statutory construction that, absent contrary indications,

11   Congress intends to adopt the common law definition of statutory terms...[w]e have

12   consistently held that the common law understanding of conspiracy does not make the doing

13   of any act other than the act of conspiring a condition of liability.") (citations and internal

14   quotation marks omitted).

15       The Superceding Indictment apprises Defendant of: the charged offense and its

16   elements; the initials of the minor victim; the dates, time period, and location of each alleged

17   offense; the identity of the co-conspirator; and Defendants' alleged conduct and intent.

18   Further, the Government has disclosed over 2000 pages and numerous CDs of recorded

19   interviews and jail calls.  (*See* Doc. 102,  p. 3).  The Government also intends to disclose "a

20   report regarding analysis of phones and computers seized and a copy of the victim's birth

21   certificate...."  (*Id.*).  The Government asserts that  "[t]he disclosure supplies all of the

22   particular information [Defendant is]...requesting."  (*Id.* at  p. 5).  At oral argument, the

23   Government stated that the alleged conspiracy was between Defendants Anderson and

24   Conrad to take the underage victim from Arizona to Nevada to engage in criminal sexual

25   activity with the victim, and that the disclosure includes interviews of the victim that support

26   this theory.  To the extent that the indictment itself provides details of the alleged offense,

27   a bill of particulars is unnecessary.  *Giese,* 597 F.2d at 1180.  Moreover, "full discovery also

28

1   obviates the need for a bill of particulars." *Id.*  The instant record supports the conclusion

2   that Defendant Anderson has "been advised adequately of the charges through the indictment

3   and all other disclosures made by the [G]overnment." *Long,* 706 F.2d at 1054.  Nor has

4   Defendant Anderson shown a need for the Government to be required to designate what

5   specific evidence it will use at trial to prove the conspiracy charge.  Defendant Anderson's

6   Motion for Bill of Particulars should be denied.

7   **MOTION TO DISMISS INDICTMENT**

8          An indictment must meet the requirements of both the Due Process Clause and Rule

9   7 of the Federal Rules of Criminal Procedure. *United States v. Huping Zhou,* 678 F.3d 1110,

10  (9th Cir. 2012).  "Under the Due Process Clause, an indictment or information is sufficient

11  if it 'first, contains the elements of the offense charged and fairly informs a defendant of the

12  charge against which he must defend, and, second, enables him to plead an acquittal or

13  conviction in bar of future prosecutions for the same offense.'" *Id.* (*quoting Hamling v.*

14  *United States*, 418 U.S. 87, 117, (1974)); *see also United States v. Awad,* 551 F.3d 930, 935

15  (9th Cir. 1990).  Under Rule 7, an indictment must be a "plain, concise and definite written

16  statement of the essential facts constituting the offense charged...." Fed.R.Crim.P. 7(c)(1).

17  The "indictment 'should be read in its entirety, construed according to common sense, and

18  interpreted to include facts which are necessarily implied.'" *United States v. Hinton,* 222 F.3d

19  664, 673 (9th Cir. 2000) (*quoting United States v. Givens*, 767 F.2d 574, 584 (9th Cir.1985)

20  (citations omitted)).

21         Defendant Anderson argues that the indictment must be dismissed because: (1) it fails

22  to state a valid federal claim; (2) Congress did not intend for a state offense to serve as a

23  predicate for §2423(a); (3) incorporation of state law violates the Commerce Clause; (4)

24  §2423(a) is void for vagueness; (5) §2423(a) violates the Equal Protection and Due Process

25  Clauses; (6) §2423(a) violates the Tenth Amendment; and (7) §2423(a) violates the Eighth

26  Amendment.

27         1.    Whether the indictment states a valid federal claim

28         Relying on cases decided under the Assimilative Crimes Act (ACA) and federal

1   sentencing statutes, Defendant Anderson argues that the Nevada offense alleged in the
2   indictment is inapplicable because a federal statute, 18 U.S.C. §2243, covers the same sexual
3   acts with a minor, and "[t]here is a strong federal interest in promoting the uniform
4   application of federal law." (Doc. 83, p.4). *See* 18 U.S.C. §2243 (prohibiting sexual abuse
5   of a minor or ward).

6           The Government correctly argues that it does not have to prove that Defendant
7   violated Nevada law, only that he intended to; therefore, Defendant is not being prosecuted
8   for violating state law.  Further, Defendant's reliance on the ACA is misplaced.  The ACA
9   applies in instances where a defendant's act or omission occurring within a federal enclave
10  is not made punishable by any enactment of Congress.  *See Lewis v. United States,* 523 U.S.
11  155, 164 (1998).  In such cases,  the ACA "borrow[s] state law to fill gaps in federal criminal
12  law that applies on federal enclaves." *Id.* at 161.  Because the alleged offenses here did not
13  occur on a federal enclave, cases applying the ACA are readily distinguishable.  Likewise,
14  §2243 applies only within "the special maritime and territorial jurisdiction of the United
15  States or in a Federal prison, or..." other instances of federal custody, and has no bearing on
16  the instant case.  18 U.S.C. §2243; *see also* 18 U.S.C. §7 (defining special maritime and
17  territorial jurisdiction of the United States). Moreover, although the Supreme Court has
18  sought to promote uniformity in the application of federal sentencing enhancements, *see*
19  *Taylor v. United States,* 495 U.S. 575 (1990) (requiring courts to apply the generic definition
20  of burglary when determining appropriateness of enhancement), there is no support for the
21  proposition that §2423(a) is limited only to a defendant's intention to violate another federal
22  law.

23          2.      Whether Congress intended for a state offense to apply in the context of
24          §2423(a)

25          Defendant points out that 18 U.S.C.  §§2423(b)-(d) prohibit interstate and/or foreign
26  travel for the purpose of engaging and/or actually engaging in "illicit sexual conduct" with
27  a minor.   Section 2423(f) defines "illicit sexual conduct" by referring to other federal
28  statutes.  According to Defendant, "[s]ince the statute makes clear that 'illicit sexual conduct'

1    must be defined in terms of federal law, it stands to reason that Congress also intended to

2    define the unlawful sexual activity referenced in §2423(a) in terms of federal law rather than

3    state law."  (Doc. 83, p. 6) (*citing* 18 U.S.C. §1952(b) (defining "unlawful activity" as a

4    "violation of the laws of the State in which they are committed or of the United States.")).

5            That Congress specifically relied upon the federal definition of "illicit sexual conduct"

6    in other subsections of 2423 while clearly not specifying a federal definition for "any sexual

7    activity..." in §2423(a), supports the conclusion that subsection (a) is not limited to a federal

8    definition.  As Defendant concedes, the Ninth Circuit has interpreted similar language in 18

9    U.S.C. §2422(b) as incorporating state law. *United States v. Dhingra,* 371 F.3d 557, 564-65

10   (9th Cir. 2004) (considering statute prohibiting using the mail or any facility of interstate

11   commerce to induce, entice, or coerce a minor "to engage in prostitution or any sexual

12   activity for which any person can be charged with a criminal offense....").

13           3.      Whether incorporation of state law violates the Commerce Clause and exceeds

14           Congressional authority

15           Defendant points out that there are limits to Congressional authority to regulate

16   interstate commerce.  *See  United States v. Lopez,* 514 U.S. 549 (1995) (Gun-Free School

17   Zone Act exceeded Congressional authority because possession of a gun in school zone did

18   not substantially impact interstate commerce). Defendant argues that if §2423(a) incorporates

19   state law, then the statute does not promote valid federal interest, but instead promotes

20   "idiosyncratic" interests of the individual states.

21           The Supreme Court has identified three broad categories that Congress may regulate

22   under the Commerce Clause: (1) the use of the channels of interstate commerce; (2) the

23   instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3)

24   intrastate activities that have substantial relations to and substantial effect upon interstate

25   commerce. *See United States v. Morrison,* 529 U.S. 598, 608-09 (2000); *Lopez,* 514 U.S. at

26   558-59.  The Government distinguishes *Lopez* as relying on the third category; whereas,

27   courts have found other provisions of §2423 fall under the first two categories.  *See United*

28   *States v. Tykarsky*, 446 F.3d 458, 470 (3rd Cir. 2006) (18 U.S.C. §2423(b) "criminalizes

*interstate travel* with intent to engage in illicit sexual conduct with a minor.  As such, it regulates the use of the channels of interstate commerce." ) (emphasis in original); *United States v. Bredimus,* 352 F.3d 200, 204, 205-06 (5th Cir. 2003) (18 U.S.C. §2423(b) prohibiting traveling "in foreign commerce[] for the purpose of engaging in any illicit sexual conduct with a another person...", involves the use of the channels of interstate commerce and does not require the court to determine whether the regulated activity substantially affects foreign commerce);  *United States v. Han*, 230 F.3d 560, 562 (2d Cir. 2000)( because "§2423(b) deals with the use of the channels of interstate commerce, *Lopez* is not on point."). Likewise, §2423(a), which is directed to the transportation of a minor "in interstate or foreign commerce...", regulates the use of the channels of interstate commerce.  Moreover, it is well-settled that "[t]he transportation of passengers in interstate commerce...is within the regulatory power of Congress, under the commerce clause of the Constitution, and the authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained, and is no longer open to question." *Caminetti v. United States,* 242 U.S. 470,  491 (1917) (holding that the Mann Act, prohibiting the transportation of women in commerce for immoral purposes, was a valid exercise of Congress' commerce power).  *See also Cleveland v. United States,* 329 U.S. 14, 19 (1946) (Mann Act case stating, "the power of Congress over the instrumentalities of interstate commerce is plenary; it may be used to defeat what are deemed to be immoral practices,...." *); Han,* 230 F.3d at 562-63 (noting that although a "statute does not regulate commercial activity *per se*, the Supreme Court has held that it is within Congress'[] authority to keep the channels of interstate commerce free from immoral and injurious uses." ) (citations and internal quotation marks omitted).  Because §2423(a) does not fall within the third category of Congress' commerce power, Defendant's reliance on *Lopez* is misplaced.  Further, Defendant Anderson's contention that §2423(a) results in promoting "idiosyncratic" state interests is of no moment. "When Congress exercises its power under the commerce clause, there is no requirement of national uniformity...." *United States v. Sacco,* 491 F.2d 995, 1003 (9th Cir. 1974) (*en banc*).  *See also Railway Labor Execs. Ass'n. v. Gibbons,* 455 U.S. 457,

1   468-69 (1982) ("uniformity in the applicability of legislation is not required by the

2   Commerce Clause."); *Currin v. Wallace,* 306 U.S. 1, 13-14 (1939) ("There is no requirement

3   of uniformity in connection with the commerce power....").

4          4.      Whether §2423(a) is unconstitutionally vague

5          Defendant contends that §2423(a) "provides little guidance as to what types of sexual

6   activity can serve as a basis for prosecution,...it establishes no guidelines..." for law

7   enforcement, and "it allows the government to arbitrarily...[bring a charge]...based on an act

8   that is legal under federal law and in every state jurisdiction except the state into which the

9   minor is transported." (Doc. 83, pp. 8-9).

10          Generally, "the void-for-vagueness doctrine requires that a penal statute define the

11   criminal offense with sufficient definiteness that ordinary people can understand what

12   conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory

13   enforcement."   *Kolender v. Lawson,* 461 U.S. 352, 357 (1983).   A statute is

14   unconstitutionally vague as applied if it fails to put a defendant on notice that his conduct

15   was criminal. *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).   A statute is

16   unconstitutionally vague on its face if it fails to provide a person of ordinary intelligence fair

17   notice of what is prohibited or is so standardless that it authorizes or encourages serious

18   discriminatory enforcement. *United States v. Williams*, 553 U.S. 285, 304 (2008); *see also*

19   *United States v. E.C. Investments, Inc.,* 77 F.3d 327, 331 (9th Cir. 1996) ("The test for

20   insufficient notice is whether the criminal statute is []so vague that it fails to give a person

21   of ordinary intelligence fair notice that his contemplated conduct is forbidden by the

22   statute.[]") (citation omitted).   "'[I]n determining the sufficiency of the notice[,] a statute

23   must of necessity be examined in the light of the conduct with which a defendant is

24   charged.'" *E.C. Investments, Inc.,* 77 F.3d at 331-32 (*quoting United States v. National Dairy*

25   *Products Corp.,* 372 U.S. 29, 32 (1963)).

26          The plain language of §2423(a) is clear that to commit the offense, the defendant

27   must: (1) transport a minor in interstate commerce; (2) with the intent that the minor engage

28   in prostitution or in any criminal sexual activity.   Additionally, Nevada statutes proscribe

the sexual activity intended by Defendant Anderson. "[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *National Dairy Products Corp.,* 372 U.S. at 32-33. "Generally, a statute is not unconstitutionally vague merely because it incorporates other provisions by reference; a reasonable person of ordinary intelligence would consult the incorporated provisions." *United States v. Iverson,* 162 F.3d 1015, 1021 (9th Cir. 1998); *see also E.C. Investments, Inc.,* 77 F.3d at 331-32 (federal law incorporating state law by reference was not unconstitutionally vague) (citations omitted). On the instant record, Defendant Anderson had fair notice that his contemplated conduct fell within §2423(a).

5.    Whether §2423(a) violates the Equal Protection and Due Process Clauses

Defendant Anderson points out that a §2423(a) offense can be based on a state offense that is a misdemeanor. If Defendant Anderson had been charged under the Nevada statutes cited in the indictment, he would face one to five years of imprisonment. *See* Nev. Rev. Stat. §§193.130(2)(c), 200.364, 200.368(1). In contrast, §2423(a) imposes a mandatory minimum of 10 years and allows a sentence for life. Defendant Anderson also points out that under §2423(b), traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, imposes no mandatory time and not more than 30 years, and the same penalty applies to §2423(c),which prohibits traveling in foreign commerce to actually engage in illicit sexual conduct. Defendant Anderson argues that there is no legitimate governmental purpose for such disparity.

As to disparity between Nevada and federal law, it is well-settled that there is no equal protection violation where the federal government treats the federal defendant in the same manner as all other persons within federal jurisdiction. *See United States v. Antelope,* 430 U.S. 641, 669-71 (1977). Also, the Government persuasively points out that the various subsections of 2423 prohibit different types of conduct, and it is rational for Congress to punish different behavior differently. (Doc. 103, p. 9). As a practical matter, Defendant is not similarly situated to defendants charged under §§2423(b) and (c). *See United States v. Hughes,* 632 F.3d. 956, 961 (6th Cir. 2011). Unlike §2423(a), §§2423(b) and (c) do not

require that the defendant transport the minor in interstate or foreign commerce. Congress could reasonably have decided that actually transporting a minor in interstate commerce with the requisite intent was a more serious crime than an offender merely crossing state or international lines himself to engage in, and/or for the purpose of engaging, in illicit sexual conduct with a minor. *See e.g. id.*

### 6.  Whether §2423(a) violates the Tenth Amendment

Defendant Anderson contends that if §2423(a) is not limited to the laws of the state into which the minor is transported, but incorporates all state laws, it violates the Tenth Amendment by infringing on the states' police power.

The Ninth Circuit has rejected the same argument in the context of similar language used in 18 U.S.C. §2422(b), which prohibits using the mail or any facility of interstate commerce to induce, entice, or coerce a minor "to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense...."  *Dhingra,* 371 F.3d at 564 (reading the statute "to incorporate only the laws 'for which a person could be charged with a criminal offense,' i.e., the law of the venue that would have jurisdiction over the defendant.").  At oral argument, the Government agreed that for a Nevada offense to be listed in the indictment, there would have to be a nexus with Nevada. In other words, the defendant must have transported the minor in interstate commerce to Nevada with the requisite intent. Defendant Anderson has not presented any reason to depart from the rationale in *Dhingra*, nor is there any suggestion on the record that the Court should decline to apply *Dhingra.* Further, because §2423(a) punishes the *intent* to violate state law, the defendant is not being prosecuted for actually breaking state law.  Thus, "the state's power to prosecute criminal sexual conduct under state law is in no way abrogated." *Id.*  Consequently, there is no Tenth Amendment violation.

### 7.  Whether the indictment requires a grossly disproportionate sentence that violates the Eighth Amendment

Defendant Anderson faces a 10-year mandatory minimum sentence.  If he were convicted of the underlying Nevada offense, which is a Class C Felony, he would face one

1   to five years of imprisonment.  *See* Nev. Rev. Stat. §§ 193.130(2)(c), 200.364, 200.368(1).

2   At oral argument, defense counsel confirmed that the statement in the Motion that "if such

3   activity occurred in a federal enclave or in most states, it would not even be a crime" (Doc.

4   83, p. 8), applies to Defendant Conrad and not Defendant Anderson given that there is more

5   than a four-year age difference between Defendant Anderson and the victim.  *See e.g.* 18

6   U.S.C. §2422 (offense requires a four year age difference).

7          The Eighth Amendment's "clause against cruel and unusual punishment  prohibits

8   'not only barbaric punishments, but also sentences that are disproportionate to the crime

9   committed.'"  *Crosby v. Schwartz,* 678 F.3d 784, 791 (9th Cir. 2012) (*quoting Solem v. Helm,*

10  463 U.S. 277, 284 (1983)).  However, "[t]he Eighth Amendment does not require strict

11  proportionality between crime and sentence.  Rather, it forbids only extreme sentences that

12  are 'grossly disproportionate to the crime.'"  *Ewing v. California,* 538 U.S. 11, 23 (2003)

13  (plurality opinion) (*quoting Harmelin v. Michigan,* 501 U.S. 957, 1001 (1991) (Kennedy, J.,

14  concurring in part and concurring in judgment).  In determining whether a sentence violates

15  the Eight Amendment, the court must accord "substantial deference" to legislative

16  determinations of appropriate punishments.  *See Harmelin,* 501 U.S. at 998-99 (Kennedy J.,

17  concurring in part and concurring in judgment)(*citing Solem,* 463 U.S. at 290); *see also*

18  *United States v. Barajas-Avalos,* 377 F.3d 1040, 1060 (9th Cir. 2004); *United States v. Oakes*,

19  11 F.3d 897, 899 (9th Cir. 1993).

20         Defendant Anderson is not charged with the Nevada offense.  Instead, he is charged

21  with the federal offense of transporting a minor in interstate commerce with the requisite

22  intent.  In 2006,  §2423(a) was amended to increase the mandatory term from five to ten

23  years.  *See* The Adam Walsh Child Protection and Safety Act of 2006, P.L. No. 109-248, 120

24  Stat. 587 (2006).  As reflected in then President George W. Bush's Statement upon signing

25  the Walsh Act, one of the Act's goals was to  "increase federal penalties for crimes against

26  children.  This bill imposes tough mandatory minimum penalties for the most serious crimes

27  against our children."  2006 U.S.C.C.A.N. S35, at *S36 (2006), 2006 WL 3064686.  The

28  mandatory nature of a non-capital penalty is irrelevant to the Eighth Amendment analysis.

1  *See Harmelin,* 501 U.S. at 994-95 ("There can be no serious contention...that a sentence
2  which is not otherwise cruel and unusual becomes so simply because it is 'mandatory'").
3  Further courts have noted repeatedly the severity of crimes involving sexual abuse of
4  children and the extensive harm they cause. *See Valdez v. Ryan,* 2013 WL 1932842, at *10
5  (D.Ariz. Mar. 28, 2013 (*citing United States v. Farley*, 607 F.3d 1294, 1345 (11th Cir. 2010)
6  (collecting cases)). In light of the gravity of the widely-recognized harm caused by sex
7  crimes against minors, the indictment does not require a sentence that violates the Eighth
8  Amendment.  *See e.g. Farley,* 607 F.3d at 1344-45 (imposition of 30-year mandatory
9  minimum sentence for crossing a state line with intent to engage in a sexual act with an 11-
10 year-old was not constitutionally disproportionate).

11 **RECOMMENDATION**

12        For the foregoing reasons, the Magistrate Judge recommends that the District Court,
13 after its independent review, deny Defendant Anderson's: (1) Motion for Bill of Particulars
14 (Doc. 79); and (2) Motion to Dismiss an Indictment (Doc. 83).

15        Pursuant to 28 U.S.C. §636(b), Rule 59 of the Federal Rules of Criminal Procedure,
16 LRCrim 12.1 and LRCiv 7.2(e)(3), any party may serve and file written objections no later
17 than **July 19, 2013**. If objections are filed, the parties should use the following case number:
18 **CR 12-914-TUC-RCC.**

19        Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver
20 of the right to review.

21        DATED this 5th day of July, 2013.

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**